# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-178-FDW

| | |
|---|---|
| JUAN A. VELASQUEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)     **ORDER**<br>MATTHEW DELANO ORMOND, )<br>)<br>Defendant. )<br>_____ ) | |

**THIS MATTER** is before the Court on periodic status review.

Plaintiff's *pro se* Complaint was docketed on April 9, 2019, at which time he was incarcerated at the Sampson County Detention Center ("SCDC"). (Doc. No. 1). He moved to proceed *in forma pauperis* so the Court issued an Order for Prisoner Trust Account Statement from SCDC on August 2, 2019. (Doc. Nos. 2, 3). The Order was returned as undeliverable on August 12, 2019 because Plaintiff is no longer incarcerated at SCDC. (Doc. No. 3, 4). In addition, the Complaint is so vague and conclusory that the Court is unable to conclude that it has venue over this action or that Plaintiff has stated a plausible claim upon which relief can be granted under 42 U.S.C. § 1983.

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without

1

prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

In addition, even though a *pro se* complaint is construed liberally, a plaintiff must clearly state his claim for relief such that the Court can determine if it has jurisdiction and venue, and further, plaintiffs proceeding *in forma pauperis* must adequately state a claim upon which relief can be granted before the case is allowed to proceed. See 28 U.S.C. § 1915; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009); Fed. R. Civ. P. 8.

Plaintiff has failed to keep the Court apprised of his current address, he has now been released from SCDC custody, and it appears that he has abandoned this action. Further, the Complaint is so vague and conclusory that the Court is unable to determine whether it has venue, and whether Plaintiff has stated a § 1983 claim. Before dismissing this action for failure to prosecute, the Court will give Plaintiff **10 days** in which to notify the Court of his current address and file an Amended Complaint that states the claims with enough specificity for the Court to conduct an initial review for frivolity.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall have **10 days** from service of this Order in which to notify the Court of his change in address and file an Amended Complaint.

2. The Clerk of Court is directed to mail this Order and a blank § 1983 Complaint form to Plaintiff's address of record.

Signed: September 23, 2019

Frank D. Whitney
Chief United States District Judge