UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-178-FDW

| JUAN A. VELASQUEZ, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| MATTHEW DELANO ORMOND, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on its September 23, 2019 Order, (Doc. No. 5), requiring Plaintiff to inform the Court of his present address and file an Amended Complaint.

Plaintiff's *pro se* Complaint was docketed on April 9, 2019, at which time he was incarcerated at the Sampson County Detention Center. (Doc. No. 1). He filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2). The Court issued an Order to the Sampson County Detention Center requesting Plaintiff's Prisoner Trust Account Statement on August 2, 2019, to determine whether he should be granted leave to proceed *in forma pauperis*. (Doc. No. 3). The Order was returned as undeliverable on August 12, 2019. (Doc. No. 4). On September 23, 2019, the Court ordered Plaintiff to notify the Court within 10 days of his current address and to file an Amended Complaint. (Doc. No. 5). The Court cautioned Plaintiff that failure to comply would result in this case's dismissal. (Id.). The Order was returned as undeliverable on October 18, 2019, and Plaintiff has not updated the Court with his current address or filed an Amended Complaint. (Doc. No. 6).

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any

1

changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Plaintiff has failed to keep the Court apprised of his current address which has made it impossible to proceed on his Motion to Proceed *In Forma Pauperis* and he has not responded to the Court's September 23 Order. It appears that Plaintiff has abandoned this action. This action will be dismissed without prejudice for lack of prosecution and for failing to comply with a Court Order.

**IT IS, THEREFORE, ORDERED that:**

(1) This action is dismissed without prejudice for lack of prosecution and for Plaintiff's failure to comply with this Court's September 23, 2019 Order.

(2) Plaintiff's Motion to Proceed *In Forma Pauperis,* (Doc. No. 2), is denied as moot.

(3) The Clerk of this Court is directed to terminate this action.

Signed: October 21, 2019

Frank D. Whitney
Chief United States District Judge